<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE METFORMIN MARKETING AND SALES PRACTICES LITIGATION | Civ. No. 20-2324 (MCA) (MAH)<br><br>**OPINION** |

### I. INTRODUCTION

This matter comes before the Court on the motion of Plaintiff for the appointment of an international process server. Pl.'s Mot. for Appointment of International Process Server, May 15, 2020, D.E. 7. The Court has reviewed the parties' submissions and considered this matter on the papers pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons set forth below, the motion for appointment of an international process server is granted.

### II. BACKGROUND

This matter arises out of the alleged contamination of generic metformin products manufactured or sold by Defendants in the United States. *See* Am. Compl., July 6, 2020, D.E. 58, at ¶ 1. Plaintiff Joseph Brzozowski commenced this action on March 3, 2020.[1] Compl. Mar. 3, 2020, D.E. 1. On May 15, 2020, Plaintiff moved to serve Defendant Teva Pharmaceutical Industries, Ltd. ("Teva Israel"), an Israeli entity with its principal place of

---

[1] On May 29, 2020, Plaintiffs in eight related actions sought consolidation of all eight matters before a single district judge, asserting that they all concerned the same facts and the same or similar claims. On June 3, 2020, Judge Arleo granted Plaintiffs' request to consolidate the actions. They were consolidated under the instant docket number. Defendants have sought reconsideration of the consolidation order. Letters, D.E. 14, 19, 21, 26.

business in Petah Tivkah, Israel, pursuant to Federal Rule of Civil Procedure 4(f)(1).[2] *See* Pl.'s Mot., May 15, 2020, D.E. 7, at 2. Specifically, Plaintiff seeks to appoint Crowe Foreign Services ("CFS"), a private entity specializing in service of documents for international service of process, as the authority to forward "any and all documents to be served in this case" to the Central Authority of Israel, pursuant to the Hague Convention. *See* Ex. B to Pl.'s Mot., D.E. 7-2. Defendants Actavis Pharma, Inc., Actavis, LLC and Teva Pharmaceuticals USA, Inc. ("Defendants") oppose this request, arguing that Israel, as a signatory to the Hague Convention, has specifically opted out of service via private international process server, and that Teva Israel must be served through its Central Authority. Defs.' Opp'n Br., June 1, 2020, D.E. 12, at 3.

**III.   ANALYSIS**

      **A. Plaintiff's Request for Appointment of International Process Server**

Pursuant to Federal Rule of Civil Procedure 4(f)(1), service may be made in a place not within any judicial district of the United States by internationally agreed means of service, such as the Hague Convention. Specifically, Federal Rule of Civil Procedure 4(f)(1) states:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has not been filed – may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service abroad of Judicial and Extrajudicial Documents.

Fed. R. Civ. P. 4(f)(1). Further, pursuant to Rule 4(c)(3), a court, at a plaintiff's request, may appoint a private international process server. Fed. R. Civ. P. 4(c)(3).

---

[2] While Plaintiff cites Rule 4(f)(s) in his motion, it is clear he intended to cite Rule 4(f)(1).

Before considering whether it is appropriate to grant Plaintiff's request for appointment of a private international process server, the Court must consider whether the Hague Convention, as Israel has adopted it, permits this means of process. Specifically, the Court must consider whether Israel has explicitly opted out of service via a private international process server such as CFS, as Defendants contend. *See* Defs.' Opp'n Br. at 3.

The Hague Convention "provides for channels of transmission to be used when a judicial or extrajudicial document is to be transmitted from one State Party to the Convention to another State Party for service in the latter." *Outline of the Convention*, HCCH, https://assets.hcch.net/docs/f4ccc07b-55ed-4ea7-8fb9-8a2b28549e1d.pdf (last accessed August 6, 2020). The main channel of transmission for which the Convention provides is through the Central Authority of the Requested State. *Id.* The Convention also allows alternative means of transmission, including consular or diplomatic channels, postal channels, and direct communications; States may object to the use of some of these alternative channels. *Id.* Both the Requesting State, the United States of America, and the Requested State, Israel, are signatories to the Hague Convention. *Id.* The Convention is the exclusive means for valid service of judicial and extrajudicial documents between its signatory countries. *Id.*

Israel has opted out of the alternative methods of service, leaving transmission of documents through the Director of Courts, *i.e.*, the Central Authority, as the exclusive means of effecting service on an Israeli defendant. Hague Convention, *Declaration of the State of Israel*, HCCH, https://www.hcch.net/en/states/authorities/details3/?aid=260 (last accessed August 6, 2020). But that does not suggest that the State of Israel objects to the use of a private international process server, such as CFS, where the service merely forwards the documents to the Central Authority of the Requested State for service on the defendant. While Defendants

3

contend that Israel has explicitly opted out of private service, that is an overly broad reading of the Declaration.  The language of the Declaration regarding the accepted methods of service by a foreign plaintiff indicates that the State of Israel will effectuate service of judicial documents "only through the Directorate of Courts and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State." Hague Convention, *Declaration of the State of Israel*.  Here, Plaintiff intends to use CFS only to forward the documents to the Central Authority, so that the Central Authority may serve the documents on Teva Israel in a manner consistent with the Hague Convention.  Pls.' Reply, June 5, 2020, D.E. 25 at 1.  Nothing in the State of Israel's Declaration suggests that Israel abjures this practice.

Plaintiff also claims that he requires CFS's assistance because several developments, including the global pandemic, have prevented Plaintiff's counsel from flying to Israel to personally deliver the documents to Israel's Central Authority.  Pls.' Reply, June 5, 2020, D.E. 25 at 1, n.3.  The Court finds that the request seeking appointment of a private international process server to forward "any and all documents to be served in this case" to the Central Authority falls within the scope of permissible service under the Hague Convention, particularly considering the global pandemic.  *Id.*  The Court finds that the State of Israel does not prohibit the use of a private international process server, such as CFS, so long as CFS's authority is limited to forwarding documents to the Central Authority of Israel and is otherwise consistent with the Hague Convention.

Defendants' reliance on *Wright v. Old Gringo Inc.*, Civ. No. 17-1996, 2018 WL 3584483 (S.D. Cal. July 26, 2018) is misplaced.  *See* Defs.' Opp'n Br. at 7.  In *Wright*, the court denied the joint stipulation to appoint CFS as the international process server to serve a Mexican

4

corporation, finding that service by CFS on the corporation would not constitute proper service and that plaintiff failed to explain why service could not be made through the appropriate and exclusive service authority, Mexico's Central Authority. *See Wright*, 2018 WL 3584483 at *4-6. Here, Plaintiff does not seek appointment of CFS to directly serve Teva; rather, Plaintiff seeks appointment of CFS to forward the documents to Israel's Central Authority to effect service. *See* Ex. B to Pl.'s Mot, D.E. 7-2.  In fact, the *Wright* court subsequently granted the plaintiff's motion for reconsideration and appointed an international process server to forward the documents to Mexico's Central Authority rather then directly serve the Mexican corporation through CFS, as Plaintiff seeks to do here. *See Wright v. Old Gringo Inc.*, No. 17-1996, 2018 WL 3707260, at *1-2 (S.D. Cal. Aug. 3, 2018).

The Court finds that Plaintiff's request for appointment of an international process server is consistent with the Hague Convention as adopted by Israel.  Plaintiff's request is clear in its language that the authority granted to CFS is merely to forward the documents to the Central Authority and no more.  Because the global pandemic impedes counsel's ability to personally serve the documents in this case to the Central Authority in Israel, appointment of CFS to deliver "any and all documents to be served in this case" is appropriate.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff's motion for appointment of an international process server, D.E. 7, is granted.  An appropriate Order shall issue.

*s/ Michael A. Hammer*
**United States Magistrate Judge**

**Dated: August 6, 2020**