

Megan E. Grossman
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Megan.Grossman@lewisbrisbois.com
Direct: 215.977.4087

December 27, 2021

**VIA ECF**

Hon. Michael A. Hammer, U.S.M.J.
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    <u>In re: Metformin Marketing and Sales Practice Litigation</u>
               Civil Action No. 2:20-cv-02324 (MCA) (MAH)

Dear Judge Hammer:

      This firm represents Defendants, Granules USA, Inc. and Heritage Pharmaceuticals, Inc., in the above-captioned litigation. I am writing this letter on behalf of all Defendants who have not asserted a jurisdictional defense (and for that reason do not join this letter although the points raised herein apply with equal force to them) and in response to Plaintiffs' Liaison Counsel's letter dated December 20, 2021 (ECF Doc. 141).

      Defendants note Plaintiffs have presented an inaccurate picture of communications between the parties during the last year – or, more pointedly, **Plaintiffs' lack of communication** during the last year – regarding the potential for limited discovery while Defendants' first motions to dismiss (ECF Docs. 78 & 80) were pending. Defendants have not "refuse[d] to engage Plaintiffs in a good faith, reasonable discovery process," as so alleged by Plaintiffs' Liaison Counsel in their letter. Rather, the lack of prior communications between the parties regarding potential limited discovery was the direct result of Plaintiffs' failure to respond to discovery proposals offered by the Non-Retailer Defendants for discussion in the fall of 2020 until December **2021**. In the interim, the Court granted Defendants' motions to dismiss on the ground, *inter alia*, that Plaintiffs lacked standing to pursue their claims but granted Plaintiffs leave to file a second amended master complaint in an attempt to establish standing (ECF Doc. 124). Following Plaintiffs' filing of an amended master complaint that failed to address sufficiently the standing issues raised by the Court (ECF Doc. 128), Defendants filed motions to dismiss the second amended master complaint (ECF Docs. 132 & 133), and those motions remain pending.

Hon. Michael A. Hammer, U.S.M.J.
December 27, 2021
Page 2

Specifically, in the fall of 2020 Defendants attempted to engage in good faith meet and confers with Plaintiffs' counsel about the limited production of certain categories of documents by the Manufacturer Defendants, the limited production of information by Plaintiffs, and a proposed Motion for Protective Order related to the confidentiality of certain documents.  On September 15, 2020, Defendants sent Plaintiffs' Liaison Counsel a proposal regarding the limited production of documents by Non-Retailer Defendants.  On October 19, 2020, Defendants' counsel sent a proposed Motion for Protective Order to Plaintiffs' Liaison Counsel, and on October 23, 2020, Defendants' counsel sent proposed Plaintiffs' Profile Forms to Plaintiffs' Liaison Counsel for review and discussion.  Plaintiffs' Liaison Counsel never responded to any of those proposals until **December 7, 2021**, at which time Plaintiffs' Liaison Counsel provided no explanation for their year-long silence and inactivity.  Nor did Plaintiffs argue to the Court in response to either Defendants' original motions to dismiss or Defendants' renewed motions to dismiss that they required discovery to respond to either set of motions.  As the facts demonstrate, Plaintiffs have failed to timely respond to proposals from Defendants and have permitted over a year to pass before attempting to engage in discussions about discovery in this litigation. Consequently, Plaintiffs' complaints that Defendants have "refuse[d] to engage Plaintiffs" regarding discovery issues and that immediate discovery is suddenly, after a year of inaction by Plaintiffs, imperative ring hollow and are without merit.

Further, the procedural posture of this case is drastically different now than when Plaintiffs and the Non-Retailer Defendants first discussed the possibility of exchanging narrow, targeted discovery in the fall of 2020.  The Court's prior May 20, 2021 decision (ECF Doc. 124) granting Defendants' previous motions to dismiss on the ground Plaintiffs lack standing vastly changed the landscape of this litigation since the fall of 2020.  Contrary to Plaintiffs' arguments, the Court is not faced with a situation in which a defendant at the start of litigation seeks a stay of discovery during a pending motion to dismiss.  Rather, in this case, the Court has ruled Plaintiffs lack standing, and Plaintiffs cite no case that discovery should be permitted to take place in the face of such a ruling while a plaintiff seeks to remedy the standing deficiency.  Or, put differently, the question is not whether Plaintiffs should have an opportunity to develop the facts underlying their claims for purposes of responding to Defendants' Rule 12 motions.  The question is whether Plaintiffs have standing to pursue those claims in the first instance – a threshold issue that should be determined before Defendants are forced to engage in potentially costly and burdensome discovery.  Given the Court's prior determination that Plaintiffs lack standing to bring this lawsuit against Defendants, Defendants should not be forced to engage in discovery and production of documents while a second round of Rule 12 motions raising the same issues in Plaintiffs' complaint is pending.

Even if discovery is limited in nature, there will undoubtedly be a burden on Defendants in terms of both time and financial resources involved in collecting, reviewing, and producing documents.  It would be prejudicial to force Defendants to engage in this

Hon. Michael A. Hammer, U.S.M.J.
December 27, 2021
Page 3

unduly burdensome process when there has already been a ruling that Plaintiffs lack standing, and Plaintiffs have not yet cured this deficiency. Conversely, there would be no burden to Plaintiffs in ensuring that discovery proceeds only once there is a determination that Plaintiffs have standing to bring this lawsuit. Contrary to the baseless assertions in Plaintiffs' letter, the parties understand their obligation to retain documents, and there is no risk that "relevant evidence may be lost or destroyed" simply by requiring Plaintiffs to properly demonstrate legal standing before seeking discovery from Defendants. Moreover, Plaintiffs' claim of prejudice is belied by the fact that Plaintiffs themselves waited more than a year to respond to Defendants' attempts to engage in discussions about discovery in this litigation. If there were any prejudice to Plaintiffs—which there is none—it would be of Plaintiffs' own making. For these reasons, Defendants should not be forced to engage in discovery until there is a determination that Plaintiffs have standing to bring this lawsuit against Defendants.

However, Defendants do not oppose a conference with Your Honor to discuss these matters further should you so desire. Defendants also have agreed to continue to discuss and negotiate the proposed Motion for Protective Order while the motions to dismiss remain pending.[1]

Thank you for your consideration and attention to this matter. Should you have any questions regarding the above, please feel free to contact us.

Respectfully,

Megan E. Grossman of
LEWIS BRISBOIS BISGAARD &
SMITH LLP

MEG
cc:   All Counsel of Record (by ECF)

---

[1] Defendants are also willing to meet and confer with Plaintiffs regarding their newly raised proposal for submission of written responses and objections 30-days after the Court resolves the pending motions to dismiss, provided that no discovery shall take place until Plaintiffs are found to have standing. To be clear, this proposal was raised for the first time in Plaintiffs' letter to the Court.