UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE METFORMIN MARKETING
AND SALES PRACTICES LITIGATION

Civ. No. 20-2324 (MCA) (MAH)

**ORDER**

**THIS MATTER** having come before the Court by way of counsel's motion to withdraw as attorney for Plaintiff Mohammed Rahman, Mot. to Withdraw, June 30, 2023, D.E. 308;

and it appearing that Co-Lead Interim Class Counsel, Bursor & Fisher, P.A., Honik LLC, and Rivero Mestre LLP, as well as Interim Liaison Counsel, Carella Byrne Cecchi Olstein Brody & Agnello, P.C. (collectively "counsel") seek leave to withdraw because despite the attorneys' best and varied attempts to contact Mr. Rahman, they have not been able to get in touch with him since at least the beginning of this year, *id.*;

and Defendants having filed no opposition to the motion to withdraw;

but Defendants having filed a cross-motion to compel responses to their discovery requests to Mr. Rahman and for dismissal of Mr. Rahman's claims, Mot. to Compel, D.E. 311 (seeking an Order to compel Mr. Rahman to respond to the First Set of Requests for Admissions, First Set of Requests for Production, and First Set of Interrogatories propounded on Plaintiff on April 14, 2023);

and it further appearing that Defendants' cross-motion seeks dismissal of Mr. Rahman's claims if he does not respond to Defendants' discovery requests, *see id.*;

and the Court having received no opposition to the cross-motion;

and the Court having decided the instant motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and the Court having reviewed the parties' submissions, the record, and the applicable law;

and the Court noting that pursuant to New Jersey Rule of Professional Conduct 1.16(b)(5), "a lawyer may withdraw from representing a client if: … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;"

and the Court further noting that an attorney may only withdraw from representation with leave of court, *see* L. Civ. R. 102.1;

and the Court finding that it is appropriate to grant counsel's request to withdraw because they have made numerous unsuccessful attempts to contact Mr. Rahman;

and the Court further finding that granting counsel's request to withdraw is warranted because counsel have provided Mr. Rahman notice in writing of their intention to withdraw from representing him due to his unresponsiveness, *see* Roberts Decl., D.E. 308-1, ¶¶ 2-4;

and the Court therefore finding that Mr. Rahman has failed to fulfill his obligations to the lawyer regarding the lawyer's services, New Jersey Rule of Prof. Conduct 1.16(b)(5), warranting withdrawal of counsel;

and the Court further finding that Mr. Rahman's responses to discovery requests have been deficient because of his unresponsiveness, *see* Chuderewicz Decl., D.E. 311-1, ¶¶ 3-7, and thus, the Court will require Mr. Rahman's participation in this litigation before it issues an Order to Show Cause for failing to prosecute;

and for good cause having been shown,

**IT IS on this 8th day of August 2023,**

**ORDERED** that Mr. Rahman's counsel's request to be relieved as counsel for Mr. Rahman, D.E. 308, is **granted**; and it is further

**ORDERED** that Defendants' cross-motion to compel responses to their discovery requests to Mr. Rahman and for dismissal of Mr. Rahman's claims, D.E. 311, is **granted in part and denied in part**. More specifically, Mr. Rahman is directed to respond to Defendants' discovery requests, as outlined in their cross motion, D.E. 311, at 1, not later than **August 22, 2023. Mr. Rahman is advised that failure to respond to Defendants' discovery requests by August 22, 2023, may result in the Court issuing an Order to Show Cause why his claims should not be dismissed for failure to comply with Court Orders and for failure to prosecute this matter pursuant to Federal Rules of Civil Procedure 16, 37 and 41.** However, Defendants' request for dismissal of Mr. Rahman's claims is **denied** as premature; and it is further

**ORDERED** that both now-relieved counsel for Mr. Rahman and Defendants shall serve a copy of this Order on Mr. Rahman at his last known address via certified mail and via email, and certify compliance with this Order not later than **August 11, 2023**; and it is further

**ORDERED** that Defendants and Mr. Rahman file a joint status report regarding Mr. Rahman's deficient discovery responses by or before **August 29, 2023**.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

3