UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| IN RE METFORMIN MARKETING AND SALES PRACTICES LITIGATION | : : : : : | Civil Action No. 20-2324 (MCA) (MAH)  REPORT & RECOMMENDATION |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff Mohammed Rahman's failure to respond to the Order to Show Cause filed on August 31, 2023 [D.E. 331]. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court dismiss Mr. Rahman's claims in *Rahman v. Amneal Pharmaceuticals LLC*, Civil Action No. 20-3757, with prejudice.

I. **BACKGROUND**

This matter arises out of the alleged contamination of generic metformin products manufactured or sold by Defendants in the United States. *See* Am. Compl., July 6, 2020, D.E. 58, at ¶ 1. Plaintiff Mohammed Rahman ("Plaintiff" or "Mr. Rahman") commenced an action, *Rahman v. Amneal Pharmaceuticals LLC*, Civil Action No. 20-3757 (BRM), on April 7, 2020. On June 3, 2020, Judge Arleo consolidated Plaintiff's case with eight related actions, because the matters asserted the same or similar facts and claims. Order, D.E. 13. They were consolidated under the Civil Action No. 20-2324 (MCA)(MAH). *Id.*

On June 30, 2023, Mr. Rahman's counsel filed a motion to withdraw. Counsel asserted that despite their best efforts to communicate with Mr. Rahman since at least

January 2023 (via telephone calls, emails, and mail), they had not been able to make contact with him. Mot. to Withdraw, D.E. 308, at 2-3. Defense counsel did not oppose Mr. Rahman's counsel's motion. Instead, Defense counsel moved to compel the production of discovery, because Defendants had not received Mr. Rahman's responses to their discovery requests. Mot. to Compel, July 24, 2023, D.E. 311. Plaintiff failed to respond to either motion.

This Court granted the motion to withdraw and the motion to compel on August 8, 2023, and directed Mr. Rahman to respond to Defendants' discovery requests not later than August 22, 2023. Order, D.E. 312. The Undersigned also cautioned Mr. Rahman that failure to respond to the Court's Order and furnish discovery responses to Defendants might result in the issuance of an Order to Show Case. *Id.* The Court directed Defendants and Mr. Rahman to file a joint status report concerning the status of Mr. Rahman's deficient discovery responses not later than August 29, 2023. *Id.*

Mr. Rahman's former counsel and Defendants served that Order on Mr. Rahman. *See* Certificates of Service, D.E.s 313-314. On August 29, 2023, Defense counsel filed a letter stating that Mr. Rahman had neither provided discovery responses nor responded to their attempts to reach him concerning preparing the joint status report. Letter, D.E. 328. Accordingly, the Undersigned entered an Order to Show Cause directing Plaintiff to show cause in writing not later than September 21, 2023, why his claims "should not be dismissed for failure to comply with Court Orders and for failure to prosecute his case." Order to Show Cause, D.E.331. Defense counsel filed a Certificate of Service of the Order to Show Cause on Plaintiff on August 31, 2023. D.E. 332. To date, Plaintiff has not responded to the Order to Show Cause or communicated to this Court regarding the status of this action.

## II.     DISCUSSION

### A.     Standards for Dismissal under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors for the district court to consider prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Plaintiff's failure to comply with Court Orders or to communicate to the Court his intention to proceed against Defendants since at least January 2023 has brought his claims against Defendants to a standstill. *See* Mot. to Withdraw, June 30, 2023, D.E. 308, at 2. That reason alone warrants dismissal. Jones, 242 F. App'x at 794.

Out of an abundance of caution, however, the Undersigned nonetheless considers the *Poulis* factors.

### i.   The Extent of the Party's Personal Responsibility

In the instant case, Mr. Rahman's failure to comply with court rules and orders appears to be solely his own doing. The record reflects that Mr. Rahman has failed to take the basic actions necessary to litigate this matter. Mr. Rahman failed to respond to his own counsel before they were relieved, failed to respond to discovery requests, and failed to participate in drafting a joint status report in accordance with Court Orders. In addition, Mr. Rahman failed to respond to the Order to Show Cause issued on August 24, 2023. Nor has Plaintiff contacted the Court, or Defense counsel, to explain his failure to comply or to seek more time to do so.

As a result, Mr. Rahman's case has been brought to a virtual standstill with no indication that he intends to prosecute his claims. Accordingly, the Undersigned can conclude only that Plaintiff does not intend to further litigate this matter and has willfully chosen to abandon his claims. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii.   Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced Defendants. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion

where plaintiff apparently abandoned claims).  This case is more than three years old.  Plaintiff's effective abandonment of his case leaves Defendants with no means to defend themselves against his claims.  Accordingly, this *Poulis* factor favors dismissal of Mr. Rahman's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith.  The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

Mr. Rahman has taken no action with respect to his Complaint since at least January 2023.  *See* Mot. to Withdraw, June 30, 2023, D.E. 308, at 2.  Plaintiff's complete inaction and apparent refusal to respond to all communications from his counsel since January led his former attorneys to move to withdraw, which the Undersigned granted on August 8, 2023.  *See id.*; Order, D.E. 312.  Plaintiff's dilatory behavior also led to Defendants moving to compel him to respond to outstanding discovery requests.  *See* Mot. to Compel, D.E. 311.  Mr. Rahman also has failed to respond to the Undersigned's August 31, 2023 Order to Show Cause, failed to provide discovery responses required by this Court's August 8, 2023 Order, failed to meet and confer with Defense counsel regarding a joint status report required by this Court, and failed to respond to all of Defense counsel's attempts to reach him.  The record before the Court establishes that for more than eight months, Plaintiff has made no effort to comply with his obligations in prosecuting these claims.  Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that he has chosen not to pursue his claims.  Accordingly, these factors weigh in favor of dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, the record, as detailed above, strongly suggests that Plaintiff has abandoned his claims. *Porten*, 2011 WL 2038742, *3. Second, in this case, there is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

The final *Poulis* factor requires the Court to consider the merits of the parties' claims and defenses. Here, as the Court has done in other cases, the Undersigned "elect[s] not to address the sixth factor because 'the other factors ... weigh[ ] heavily in favor of dismissal." *McNamara*, 2018 WL 9880301, at *3 (quoting *Macon*, 2008 WL 1882899, at *2). The Third Circuit has repeatedly held that district courts must balance the *Poulis* factors and that every factor need not weigh in favor of dismissal. *Hildebrand*, 923 F.3d at 132. Because the Undersigned has found that the majority of the *Poulis* factors weigh in favor of dismissal, the Undersigned is satisfied that dismissal is the appropriate remedy. *Goodwin v. Percili*, No. 17-13368, 2020 WL 838487, at *4 (D.N.J. Jan. 29, 2020), *report and recommendation adopted*, No. 17-13368, 2020 WL 832897 (D.N.J. Feb. 19, 2020).

## III. CONCLUSION

On balance, the pertinent *Poulis* factors weigh in favor of dismissal of Plaintiff Mr. Rahman's claims with prejudice. Accordingly, the Undersigned respectfully recommends that the District Court dismiss Mr. Rahman's claims in *Rahman v. Amneal Pharmaceuticals LLC*, Civil Action No. 20-3757, with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c)(2).

<u>s/ Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Date:   September 27, 2023