**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE METFORMIN MARKETING AND SALES PRACTICES LITIGATION** | **Civil Action No. 20-2324**<br>**ORDER** |

**THIS MATTER** comes before the Court by way of the Amneal Defendants'[1] Motion for Sanctions seeking the imposition of costs and fees against, and the dismissal of claims brought by, Plaintiff MSP Recovery Claims, Series LLC ("MSPRC") based on its failure to timely discharge its discovery obligations, see ECF No. 528 (the "Motion");

and it appearing that Magistrate Judge Hammer issued a Report and Recommendation ("R&R") recommending that the Court grant the Amneal Defendants' Motion in so far as it seeks the imposition of costs and fees, see ECF No. 575;

and it appearing that Judge Hammer's R&R details MSPRC's failure to comply with no less than five different court orders related to discovery, see id. at 3–9;

and it appearing that no objections to the R&R were filed pursuant to Federal Rule of Civil Procedure 72(a) and Civil Local Rule 72.1(c), see generally Docket;

and it appearing that MSPRC has still failed to timely discharge its discovery obligations in full, see ECF Nos. 654, 675, 692, 700;

and it appearing that the Court held a status conference on September 3, 2026 that addressed, inter alia, MSPRC's continued failure to comply with its discovery obligations;

[1] The Amneal Defendants include Defendants Amneal Pharmaceuticals LLC; Amneal Pharmaceuticals of New York, LLC; and Amneal Pharmaceuticals, Inc.

and it appearing in accordance with the Court's orders set forth during the September 3, 2026 status conference, MSPRC filed two affidavits detailing: (1) its efforts to comply with discovery orders requiring the production of PRS and PDE Reports, see ECF No. 700; and (2) the impact that publicly-disclosed financial constraints that MSPRC has faced since 2025 have had on its ability to timely comply with its discovery obligations, see ECF No. 701;

and it appearing that MSPRC produced some, but not all, of the required PRS and PDE Reports by the September 17, 2026 deadline and is in the process of obtaining and producing the outstanding PRS and PDE Reports, see ECF Nos. 692, 700;

and it appearing for the reasons stated on the record on September 3, 2026 and for good cause shown;

**IT IS** on this 22nd day of September, 2026,

**ORDERED** that Judge Hammer's R&R, ECF No. 575, is adopted in full; and it is further

**ORDERED** that the Amneal Defendants' Motion, ECF No. 528, is **GRANTED in part** to the extent detailed in Judge Hammer's R&R; and it is further

**ORDERED** that the Amneal Defendants file a fee petition and certification consistent with the R&R that specifies their requested costs and fees within twenty-one (21) days of the entry of this Order; and it is further

**ORDERED** that MSPRC produce all outstanding PRS and PDE Reports by November 1, 2026; and it is further

**ORDERED** that should MSPRC fail to comply with this November 1, 2026 discovery deadline, MSPRC show cause why further sanctions pursuant to Federal Rule of Civil Procedure 37, up to and including dismissal of its claims, are unwarranted.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**